**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

––––––––––––––––

**No. 22-4596**

––––––––––––––––

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DEE DUGGER,

Defendant - Appellant.

––––––––––––––––

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:11-cr-00234-TDS-3)

––––––––––––––––

Submitted:  February 8, 2024                    Decided:  February 28, 2024

––––––––––––––––

Before KING and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

––––––––––––––––

Affirmed by unpublished per curiam opinion.

––––––––––––––––

**ON BRIEF:**  Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Greensboro, North Carolina, Margaret M. Reece, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

––––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While on supervised release following his 157-month prison sentence for conspiracy to distribute methamphetamine, John Dee Dugger was alleged to have violated the terms of his supervision by, among other matters, committing new criminal conduct in possessing marijuana, for which he was charged in North Carolina state court with the crime of possession with intent to sell or distribute marijuana. Following a hearing at which probation officers involved in the search of Dugger's residence testified, the district court calculated Dugger's advisory policy statement imprisonment range under the Sentencing Guidelines at 30 to 37 months, revoked his supervised release, and sentenced him to 35 months' imprisonment, followed by a 24-month term of supervised release. On appeal, Dugger argues that the district court erred by considering hearsay from an anonymous tipster in deciding whether to revoke his supervised release and erred in finding he committed a crime that is a controlled substance offense and in punishing him as a Grade A violator of supervised release. We affirm.

We review a district court's evidentiary decisions in a revocation hearing for abuse of discretion. *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022). We "will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted).

Testifying about the search of Dugger's residence, Dugger's supervising probation officer Nicholas Bullock explained that he requested the search after an anonymous tipster stated that Dugger was dealing drugs, kept the drugs in holes in his back yard, and would

2

blame his children if he was caught.  Dugger objected to these statements from the tipster as inadmissible hearsay.

"[A] person charged with a violation of the terms of supervised release 'is entitled to . . . an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear.'" *Combs*, 36 F.4th at 505-06 (quoting Fed. R. Crim. P. 32.1(b)(2)(C)).  Under subsection (C), prior to admitting hearsay evidence—that is, an out-of-court statement offered to prove the truth of the matter asserted in the statement, Fed. R. Evid. 801(c)—in a revocation hearing, "the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation."  *Id.* at 506 (internal quotation marks omitted).  "Reliability is a critical factor in that balancing test." *Id.* (cleaned up).  However, out-of-court statements offered only to prove their effect on the listener rather than the truth of the matters asserted are not hearsay.  *United States v. Simmons*, 11 F.4th 239, 263-64 (4th Cir. 2021).

Although the Government offered the tipster's statements for both the truth of the matters asserted and for the effect of those statements on Bullock, the district court admitted and considered them at the point of Dugger's objection for the non-hearsay purpose of explaining why Bullock acted the way he did.  The court reserved a ruling on considering the statements for the truth of the matters asserted.  After the Government concluded its evidentiary presentation, Dugger argued that the tip was not reliable and that, because he could not verify the statements or cross-examine the tipster, he was continuing

3

to object to the statements coming into evidence for any purpose other than being a reason why probation officers went to his residence.

When announcing its revocation findings, the district court mentioned the anonymous tip but stated only that the tip explained why the probation officers visited Dugger's residence.   The district court's consideration of the statements from the anonymous tipster as an explanation for why the probation officers went to Dugger's residence was a permissible, non-hearsay use of this evidence and did not contravene Fed. R. Crim P. 32.1(b)(2).  We reject as belied by the record Dugger's argument that the district court improperly considered the tipster's statements as substantive evidence that he violated the terms of his supervised release.  We also reject as without merit Dugger's argument that it is not possible to determine how much weight the district court afforded this evidence.  We thus discern no abuse of discretion by the district court in this regard.

Turning to Dugger's sentencing challenge, a district court has broad discretion when imposing a sentence upon revocation of supervised release, and we will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable.  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  To consider whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable.  *Id.*  A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range under the Guidelines and the applicable 18 U.S.C. § 3553(a) sentencing factors.  *Id.*

4

Dugger challenges the district court's procedural calculation of the advisory policy statement imprisonment range, arguing that the court erred in finding he violated his supervised release by committing a controlled substance offense that is a Grade A violation of supervised release because the evidence adduced does not support such a finding. We evaluate the district court's factual determinations on this score for clear error. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). Under clear-error review, our "task is to determine whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Patterson*, 957 F.3d at 435 (internal quotation marks omitted). "This standard plainly does not entitle [this] court to reverse the [district court's] finding . . . simply because it is convinced that it would have decided the case differently." *Id.* (internal quotation marks omitted).

A Grade A violation of supervised release includes "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." U.S. Sentencing Guidelines Manual § 7B1.1(a)(1), p.s. A "controlled substance offense" under this policy statement includes an offense under state law punishable by imprisonment for a term exceeding one year that "prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute[] or dispense" it. USSG § 4B1.2(b)(1). Under North Carolina state law, marijuana is a controlled substance, and possessing it with intent to sell or deliver it is a felony punishable by imprisonment for a term exceeding one year. N.C. Gen. Stat. §§ 90-94, 90-95(a)(1), (b)(2). Section 90-95(a)(1) is a categorical match with the Guidelines' definition of a controlled substance offense. *United States v. Miller*, 75 F.4th 215, 230-31 (4th Cir. 2023).

5

We conclude based on the testimony adduced at the revocation hearing that the district court credited that there was sufficient evidence to support the conclusion that Dugger possessed marijuana with intent to sell or deliver it, a Grade A violation of supervised release. Dugger argues on appeal that the district court erred because no evidence showed the substances recovered during the search of his residence were his and very little evidence was presented that they were illegal. We reject these arguments. Where, as here, a district court's finding is based on its decision to credit the testimony of witnesses, each of whom has told "a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never amount to clear error." *Patterson*, 957 F.3d at 435 (internal quotation marks omitted). Indeed, "overturning a credibility determination is usually reserved for extreme situations wherein, for example, it would have been physically impossible for the witness to observe what he described." *Id.* (cleaned up). None of the potential deficiencies Dugger identifies relative to possession or ownership of the substances and whether they were marijuana make the situation described by the testifying officers physically impossible or describe a situation "so internally inconsistent or implausible on its face that it would require us to reverse the district court's credibility determination." *Id.* at 436. In light of the deference we afford to the district court's credibility determinations and findings, the plausibility of its conclusion that Dugger committed a controlled substance offense violating his supervised release means we may not overturn its findings. *Id.*

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*